David C. Berkoff
BERKOFF LAW FIRM, P.C.
1917 S. Higgins Avenue
Missoula, Montana 59801
(406) 926-3332
Email: david@berkofflawmissoula.com

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF MONTANA MISSOULA DIVISION

| | |
|---|---|
| STEVEN HALE,<br><br>　　　　Plaintiff,<br><br>v.<br><br>DAVID J. SHULKIN, M.D., SECRETARY OF THE UNITED STATES DEPARTMENT OF VETERANS AFFAIRS; and DOES 1-5,<br><br>　　　　Defendants. | Cause No.: CV 18-4-M-DLC<br><br>COMPLAINT |

COMES NOW, Plaintiff, Steven Hale ("Mr. Hale"), by and through its counsel of record, the Berkoff law Firm, P.C. and for his Complaint against the Defendants states and alleges as follows:

　　A. Jurisdiction and Venue.

　　1.　　The following action is one in which this Court has original jurisdiction under the provisions of 28 U.S.C. § 1346, in that it is a civil action

1

wherein the defendant is an administrative agency of the United States, and the claim for damages exceeds $10,000.00.

2. The following is one in which this Court has original jurisdiction over a federal employer under the provisions of 29 U.S.C. §§ 706; 791 et seq., Section 501 of Rehabilitation Act of 1973.

2. The Parties.

4. Plaintiff is a citizen of the state of Montana, with his place of resident being in Missoula, Montana.

5. Defendant, David J. Shulkin, M.D., is the Secretary of Department of Veterans Affairs ("Department"), is a citizen of Washington, D.C., United States, and is the designated named defendant for disability discrimination claims against the Department. The Department operates the VA Veterans Center in Missoula, Montana ("Missoula Veterans Center").

6. DOES 1-5 are unknown and yet to be identified potential interested third parties or third-party beneficiaries to the claims herein.

C. Background Facts.

7. Mr. Hale served in the Washington State National Guard from April 4, 2001 to December 13, 2006, when he received a medical discharge. At the time of his discharge, Mr. Hale had achieved the junior non-commissioned officer rank of SGT/E-5. Mr. Hale received several military service awards including the

2

Army Commendation Medal, Army Achievement Medal, National Defense Service Award, Global War on Terrorism Expeditionary Medal, Global War on Terrorism Service Medal, Armed Forces Reserve Medal, Armed Service Ribbon, and Overseas Service Bar.

8. From November 15, 2003 until April 6, 2005, Mr. Hale was federally activated and deployed for a combat role in support of Operation Iraqi Freedom. During his deployment, Mr. Hale suffered from traumatic brain injury ("TBI") and subsequent Post-Traumatic Stress Disorder ("PTSD"). Mr. Hale experienced several concussive blasts from Improvised Explosive Devices ("IED's") as well as rocket and mortar explosions. Mr. Hale's PTSD was likely caused by witnessing the death of fellow soldiers, civilians and children during combat, and from cleaning out vehicles in which soldiers were killed and injured as a result of being struck by IED's.

9. As is a common experience with many combat veterans, Mr. Hale's untreated combat-related PTSD and physical injuries caused his mental and physical health to deteriorate over time. Mr. Hale began to engage in more and more self-destructive behaviors which led to several driving while under the influence, reckless driving, and misdemeanor endangerment charges.

10. Following the last charge, Mr. Hale voluntarily admitted himself into an inpatient program for substance abuse and PTSD care at Fort Harrison in

Helena, Montana. Mr. Hale thereafter enrolled in the Missoula County Veterans Treatment Court and attended weekly counseling at the Missoula Veterans Center.

11. Mr. Hale successfully completed all of these programs and got his life back on track. Once got back on track, Mr. Hale re-enrolled in the Master of Social Work program at the University of Montana and graduated in 2016. Mr. Hale completed his clinical hours at the Missoula Veterans Center. Mr. Hale wishes to use his new social work skills to assist other veterans who have faced the same physical and emotional trauma he experienced while a member of the armed services.

12. On May 6, 2016, Mr. Hale applied for a social worker position at the Missoula Veterans Center in Missoula, Montana ("VA Center"). The public vacancy announcement advertised the position of "Social Worker, GS-9/target GS-11, Vacancy Announcement No. 1691148." Mr. Hale was qualified for the position as a GS-9 level social work position did not require a social work license but did require a completed Master's Degree which Mr. Hale had completed.

13. On June 7, 2016, Mr. Hale was notified by the VA Center that he had tentatively been selected for the GS-9 Social Worker position. Six days later, on June 13, 2017, the Regional Director revoked the job offer. Mr. Hale was told by the team lead in Missoula, Meaghan Lee, that the Regional Director had stated that they did not want the VA Center to hire combat veterans who had PTSD because

4

of all of the reasonable accommodations needed. The Regional Manager and her superiors knew that Mr. Hale suffered from PTSD and had reviewed his private medical records prior to revoking the job offer.

14. Defendants decision to revoke the job offer was based upon or at least partially motivated by Mr. Hale's disabilities and status as a combat veteran with PTSD. Defendants have asserted that Mr. Hale's disabilities were not the reason for the revocation of Mr. Hale's job offer. However, several weeks after revoking the job offer, the Defendants re-posted a similar position at the VA Center and did not reconsider Mr. Hale's application. Defendants' actions after revoking Mr. Hale's job offer show that Defendants' claimed reasons for the revocation of the job offer were pretextual.

## COUNT ONE—DISABILITY DISCRIMINATION

15. Mr. Hale restates and re-alleges the above allegations as though fully set forth here.

16. Mr. Hale qualifies as a disabled veteran because he is an individual who suffers from a physical or mental impairment that substantially limits one or more of his major life activities and/or has a record of such an impairment.

17. Mr. Hale was the victim of unlawful disability discrimination by Defendants because: (1) Mr. Hale is disabled; (2) Mr. Hale was qualified for the

5

position for which he applied; (3) Defendants knew Mr. Hale was disabled; and (4) Defendants revoked Mr. Hale's job offer because of his disability.

18. Defendants unlawful discrimination violates the Rehabilitation Act, 29 U.S.C. § 701 et seq., and the EEOC's regulations prohibiting disability discrimination, and caused Mr. Hale damages.

19. Defendants' unlawful discrimination entitles Mr. Hale to all damages allowed under the Rehabilitation Act, 29 U.S.C. § 701 et seq., and any and all other federal laws prohibiting disability discrimination.

## COUNT TWO—"REGARDED AS" DISABILITY DISCRIMINATION

20. Mr. Hale restates and re-alleges the above allegations as though fully set forth here.

21. Mr. Hale qualifies as a disabled veteran because he was regarded as being disabled by Defendants.

22. Mr. Hale was the victim of unlawful "regarded as" disability discrimination by Defendants because: (1) Mr. Hale was "regarded as" disabled by Defendants; (2) Mr. Hale was qualified for the position for which he applied; and (3) Defendants revoked Mr. Hale's job offer because of his "regarded as" disability status.

23. Defendants unlawful "regarded as" discrimination violates the Rehabilitation Act, 29 U.S.C. § 701 et seq., and the EEOC's regulations prohibiting disability discrimination, and caused Mr. Hale damages.

19. Defendants' unlawful "regarded as" discrimination entitles Mr. Hale to all damages allowed under the Rehabilitation Act, 29 U.S.C. § 701 et seq., and any and all other federal laws prohibiting disability discrimination.

## PRAYER FOR RELIEF

WHEREFORE, Mr. Hale prays for the following relief:

1. Compensatory damages resulting from the Defendants' unlawful disability discrimination in the form of lost back pay and front pay;

2. Compensatory damages for emotional distress;

3. Prevailing party attorney fees and costs;

4. All damages and relief otherwise allowed in equity and law; and

5. Any further relief the Court deems just and proper.

DATED this 15th day of January, 2018.

_____
BERKOFF LAW FIRM, P.C.